## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                    No. CIV 10-0246 JB/WDS

2007 CHRYSLER 300 TOURING
VIN:2C3KA53G27H883668,
2004 FORD F150 XLT
VIN:1FTPW14584K85983,
$7,300.00 IN U.S. CURRENCY,

      Defendants,

ERIK ALONSO-MARTINEZ,
NORA ALONSO,
MANUEL SALAZAR,
MARIA SALAZAR, and
HUGO ACOSTA DOMINGUEZ,

      Claimants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Answer for

Lack of Standing, filed December 14, 2010 (Doc. 30). The Court held a hearing on February 4,

2011. The primary issue is whether the Court should strike Claimants Nora Alonso and Hugo

Acosta Dominguez' Answer, because they lack statutory standing. The Court grants the motion on

the condition that, if Alonso and Dominguez do not cure the deficiencies in their pleadings within

ten days of the entry of this order, the Court will strike their Answer. The Court will allow Alonso

and Dominguez ("the Claimants") ten days to cure deficiencies in their pleadings, because it

believes that allowing the Claimants a limited period to cure the deficiencies is not inconsistent with

the language of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions, will not thwart the purposes underlying Supplemental Rule G, and, given the equities, is consistent with the intent of Supplemental Rule G.

## FACTUAL BACKGROUND

On March 18, 2010, the United States filed its Verified Complaint for Forfeiture in Rem. See Doc. 1 ("Complaint").  The res, or properties, that are the subject of this action are a 2007 Chrysler 300 Touring, a 2004 Ford F150 XLT, and $7,3000.00 in U.S. Currency.  See Complaint ¶ 4, at 2; Answer of Nora Alonso and Hugo Acosta Dominguez to Verified Complaint for Forfeiture in Rem ¶ 4, at 2, filed May 19, 2010 (Doc. 18)("Answer").  Alonso claims ownership of the two motor vehicles and Dominguez claims ownership of the $7,200.00 in the U.S. Currency.  See Complaint ¶ 5, at 2; Answer ¶¶ 5, 7, at 2.

## PROCEDURAL BACKGROUND

On March 18, 2010, the United States filed its Complaint.  See Doc. 1.  On March 26, 2010, Claimants' counsel accepted service of the Complaint and Notice of Complaint for Forfeiture Against Property.  See Docs. 5, 6.  The Notice of Complaint for Forfeiture Against Property states: "A civil complaint seeking forfeiture pursuant to 21 U.S.C. § 881(a)(4) and 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C) was filed on March 18, 2008 in the United States District Court for the District of New Mexico on behalf of the United States . . . against the defendant property." Notice of Complaint for Forfeiture Against Property at 1-2, filed December 14, 2010 (Doc. 30-1)("Notice").  The Notice further states:

> All persons asserting an interest in or claim against the defendant property and who have received direct notice of the forfeiture action must file a verified claim with the Clerk of this Court pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, **thirty-five (35) days** after the notice is sent.  In addition, any person having filed such a claim shall also serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **twenty (20) days** after filing the claim.

Notice at 2 (emphasis in original).

On April 26, 2010, the United States filed a Notice of Publication, representing that Notice of Forfeiture was published on www.forfeiture.gov for at least 30 consecutive days beginning on March 25, 2010.  See Doc. 10.

Neither Claimant filed a verified claim with the Clerk of the United States District Court for the District of New Mexico.  On May 19, 2010, the Claimants filed their Answer to the Complaint. See Doc. 18.

On December 14, 2010, the United States filed Plaintiff's Motion to Strike Answer for Lack of Standing.  See Doc. 30.  The United States moves the Court to strike the Claimants' Answer, because they lack standing.  The United States argues that the Claimants filed only an Answer, but not a claim, as Supplemental Rule G(5)(a) requires, and that, accordingly, the Court should strike their Answer pursuant to Supplemental Rule G(8)(c).

The Claimants filed their Response to Plaintiff's Motion to Strike Answer for Lack of Standing on December 23, 2010.  See Doc. 31.  They contend that the United States' argument that they did not file claims is erroneous.  They assert that they filed administrative claims with the Federal Bureau of Investigation ("FBI").  They assert that the FBI acknowledged receipt of their claims and informed them that their claims would be referred to the United States Attorney's Office for the District of New Mexico.  They assert that they thus timely filed sufficient claims as to the property at issue, in compliance with Supplemental Rule G(5)(a).  They also argue that, even if the Court finds that they failed to properly submit their claims, they should first be allowed the opportunity to cure any defects before the Court grants the United States' motion.

The United States filed the United States' Reply to Claimants' Response to Motion to Strike Answer for Lack of Standing on January 6, 2011.  See Doc. 32 ("Reply").  In its Reply, the United

States asserts that administrative and judicial claims serve different purposes, and that an administrative claim is not a substitute for a judicial claim. The United States argues that the Court should strictly construe Supplemental Rule G and should not entertain the Claimants' request to cure the defect.

## RELEVANT LAW REGARDING CIVIL FORFEITURE ACTIONS

Supplemental Rule G "governs a forfeiture action in rem arising from a federal statute." Supp. R. G(1). Supplemental Rule G(4)(a) relates to notice by publication. It states: "A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at the time the court orders." Supp. R. G(4)(a)(i). The notice must, unless the court orders otherwise: (i) "describe the property with particularity;" (ii) "state the times under Rule G(5) to file a claim and to answer;" and (iii) "name the government attorney to be served with the claim and answer." Supp. R. G(4)(a)(ii). Supplemental Rule G(4)(b) relates to notice to known potential claimants. It states: "The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Supp. R. G(4)(b). The notice must state: (i) the date the notice is sent; (ii) "a deadline for filing a claim, at least 35 days after the notice is sent;" (iii) "that an answer or motion under Rule 12 must be filed no later than 21 days after filing the claim;" and (iv) "the name of the government attorney to be served with the claim and answer." Supp. R. G(4)(b)(ii).

Supplemental Rule G(5) states:

**(a) Filing a Claim.**

> **(i)** A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

      **(A)** identify the specific property claimed;

      **(B)** identify the claimant and state the claimant's interest in the property;

      **(C)** be signed by the claimant under penalty of perjury; and

      **(D)** be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

**(ii)** Unless the court for good cause sets a different time, the claim must be filed:

      **(A)** by the time stated in a direct notice sent under Rule G(4)(b);

      **(B)** if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site; . . . .

Supp. R. G(5)(a)(bold in original).

Supplemental Rule G(8)(c) allows the United States to move to strike a claimant's answer or claim in certain circumstances. Rule G(8)(c) states: "At any time before trial, the government may move to strike a claim or answer: . . . for failing to comply with Rule G(5) or (6), or . . . because the claimant lacks standing." Supp. R. G(8)(c). The advisory committee notes to rule G(8)(c)(i)(A) state: "As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15." Supp. R. G(8)(c) advisory committee notes.

"The claim and the answer, though similar, serve distinct purposes." <u>United States v. U.S. Currency in Sum of Two Hundred Sixty One Thousand, Four Hundred and Eight Dollars ($261,480)</u>, No. 00-CV-3208 (FB), 2002 WL 827420, at *1 n.3 (E.D.N.Y. May 2, 2002). A claim "insures that '[a]ny party who wishes to defend a forfeiture action [will] be forced to swear his

interest in the forfeited property.'"  United States v. U.S. Currency in Sum of Two Hundred Sixty One Thousand, Four Hundred and Eight Dollars ($261,480), 2002 WL 827420, at *1 n.3.  An answer "serves its normal function -- 'to state in short and plain terms [the] defense to each claim assert . . . and to admit or deny the averments upon which the adverse party relies.'"  United States v. U.S. Currency in Sum of Two Hundred Sixty One Thousand, Four Hundred and Eight Dollars ($261,480), 2002 WL 827420, at *1 n.3.

A claimant must have standing to contest the forfeiture -- constitutional and statutory. See United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1273 & n.3 (10th Cir. 2008)("The sole issue before the court is whether Austin has Article III standing to challenge the forfeiture of the currency seized, . . . .  We do not address the separate question of whether Austin has 'statutory standing' under [Supplemental] Rule C(6) . . . ." (internal citation omitted));[1] United States v. $515,060.42 in U.S. Currency, 152 F.3d 491 (6th Cir. 1998)("In order to contest a governmental forfeiture action, claimants must have statutory standing through compliance with Supp. . . . R. C(6), as well as the Article III standing required for any action brought in federal court."); United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989)("We require proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential requirement.").

Courts have stricken answers when a claimant fails to file the requisite claim pursuant to

---

[1] Before Supplemental Rule G's adoption in 2006, Supplemental Rules A, C, and E of the Supplemental Rules for Admiralty or Maritime Claims governed civil forfeiture actions.  See Supplemental Rule G, Advisory Committee Notes.  Rule G was "added to bring together the central procedures that govern civil forfeiture actions."  Supplemental Rule G, Advisory Committee Notes. Case law pre-dating the 2006 adoption of Supplemental Rule G often refers to the procedural requirements in Supplemental Rule C(6), "which governed claim procedure prior to Supplemental G's adoption."  United States v. One Men's Rolex Pearl Master Watch, 357 F. App'x 624, 626 n.2 (6th Cir. 2009).

Supplemental Rule G(5), finding that the claimant lacked statutory standing.  See United States v. 2687 S. Deframe Circle, Lakewood, Colo., 208 F.3d 228, *3-4 (10th Cir. 2000)(stating that it is not an abuse of discretion for the court to require strict compliance with Supplemental Rule C(6), and finding that the equities did not warrant a more liberal construction of the rule and supported the district court's decision to strike the claimant's answer "for failing to comply with Rule C(6)"); United States v. $5,565.000 in U.S. Currency, No. 09-cv-02212-WDM-MEH, 2010 WL 4256211, at *2 (D. Colo. Sept. 20, 2010)("Here, there is no dispute that the . . . claimant . . . has failed to file the requisite claim pursuant to Supplemental Rule G(5).  Consequently, he lacks statutory standing to proceed in this case.  Therefore, this Court . . . [will] strike the Answer filed by [the claimant] . . . ."); United States v. $11,918.00, No. 1:03-cv-05679-AWI-SMS, 2007 WL 3037307, at *7 (E.D. Cal. Oct. 17, 2007)(stating that the claimant was given repeated opportunities to file a claim but did not do so, that there were no mitigating factors, that a claimant "in a civil forfeiture case must establish both Article III standing and statutory standing" and that a claimant "who does not file a verified claim pursuant to the Supplemental Rules lacks standing in the forfeiture action" and finding that the claimant's answer was thus "immaterial and impertinent, and should be stricken"); United States v. $13,970.00 in U.S. Currency, No. 5:06-CV-386(CAR), 2007 WL 1231659, at *3 (M.D. Ga. Apr. 26, 2007)("Because Claimant did not file a verified claim in this action and did not request an extension of time to file an out-of-time verified claim, his Answer will be stricken for lack of standing.").

The requirement that a claimant timely file a verified claim serves two purposes.  See United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d 1306, 1318 (10th Cir. 1994).  First, it forces the claimant to come forward as soon as possible after the forfeiture proceedings are initiated, so that the court may hear all interested parties and resolve the dispute without delay.  See United

States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d at 1318 ("The purpose of the time restriction in Supplemental Rule C(6) is 'to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay.'" (citation omitted)).  Secondly, the verification requirement prevents false claims.  See United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d at 1318 ("The purpose of the verification requirement is to prevent false claims." (citations omitted)).

Courts have required claimants to strictly comply with the provisions of Rule G(5).  See United States v. $12,126.00 in U.S. Currency, 337 F. App'x 818, 820 (11th Cir. 2009)("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action."); United States v. 2687 S. Deframe Circle, Lakewood, Colo., 208 F.3d at *3 ("First, courts have held that '[i]t is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6).'" (quoting United States v. One Parcel of Prop., 959 F.2d 101, 104 (8th Cir. 1992); citing United States v. One Dairy Farm, 918 F.2d 310, 312 (1st Cir. 1990); United States v. U.S. Currency in the Amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1985); United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 319 (5th Cir. 1984)); United States v. $5,565.00 in U.S. Currency, No. 09-cv-2212-WDM-MEH, 2010 WL 4222047, at *1 (D. Colo. Oct. 20, 2010), adopting No. 09-cv-02212-WDM-MEH, 2010 WL 4256211 (D. Colo. Sept. 20, 2010)("The requirements set forth in the Supplemental Rules 'must be strictly enforced.'" (citations omitted)); United States v. $25,790 in U.S. Currency, No. AW-09-3283, 2010 WL 2671754, at *2 (D. Md. July 2, 2010)("These requirements must be strictly enforced."); United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M0362428, 680 F. Supp. 2d 816, 823 (E.D. Mich. Jan. 20, 2010)("Generally, courts have held claimants to strict compliance with the provisions of Rule

G(5)."); <u>United States v. 40 Acres of Real Prop., More or Less</u>, 629 F. Supp. 2d 1264, 1273 (S.D. Ala. 2009)("Numerous courts have recognized that forfeiture claimants must strictly and scrupulously adhere to filing requirements in order to perfect standing."); <u>United States v. Approximately $70,000 in U.S. Currency</u>, No. 1:06-CV-01259-OWW-SMS, 2007 WL 2317136, at *5 (E.D. Cal. Aug. 9, 2007)(stating that several policies support requiring strict compliance, "including the need to inform the Court that there is a claimant to the property who wants it back and intends to defend it, to avoid waste or unnecessary expenditure of judicial resources, and to further the important interest in the finality of judgments ultimately entered" (citing <u>United States v. Real Prop.</u>, 135 F.2d 1312, 1317 (9th Cir. 1998)); <u>United States v. $1,437.00 in U.S. Currency</u>, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002)("Generally, strict compliance with the time periods of CAFRA and Rule C(6) is required.").

Some courts, including the United States Court of Appeals for the Tenth Circuit, have stated that, although courts may generally require strict compliance, a court may exercise discretion in extending the time for filing of a verified claim. <u>See United States v. $125,938.62</u>, 370 F.3d 1325, 1328-29 (11th Cir. 2004)("A district court may require claimants in forfeiture proceedings to comply strictly with the rule's requirements in presenting claims to the court. However, the court may exercise its discretion by extending the time for the filing of a verified claim." (internal citation and quotation marks omitted)); <u>United States v. 2687 S. Deframe Circle, Lakewood, Colo.</u>, 208 F.3d at *3 (stating that courts have held that a district court may require strict compliance with Supplemental Rule C(6) and that "this is not a case in which a balance of the equities favors mitigation and warrants a more liberal construction of Supplemental Rule C(6)"). The Tenth Circuit, in <u>United States v. 51 Pieces of Real Property Roswell, N.M.</u>, 17 F.3d 1306 (10th Cir. 1994), addressed whether the district court abused its discretion in refusing to grant the claimant

additional time in which to file a claim and answer.  See 17 F.3d at 1319.

        Supplemental Rule C(6) provides that a claimant must "file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim."  Although the district court has discretion to extend the time in which a claimant must file a claim, "the court's discretion is not unbounded."  United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1436 (9th Cir. 1985).  The court should exercise its discretion to allow a late claim only if "the goals underlying the time restriction and the verification requirement are not thwarted."  Id.

        The purpose of the time restriction in Supplemental Rule C(6) is "to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay."  1982 Yukon Delta Houseboat, 774 F.2d at 1436.  The purpose of the verification requirement is to prevent false claims.  See id.; United States v. Currency $267,961.07, 916 F.2d 1104, 1108 (6th Cir. 1990).  The government commenced this civil forfeiture action in July 1991.  Nitsua did not attempt to file a claim or otherwise assert any claim of ownership to the property until almost a year later, after the government had moved for default.  Permitting a late filing under these circumstances would not further the goal of Supplemental Rule C(6)'s time requirements.

        Moreover, the equities do not favor granting Nitsua additional time.  See United States v. Borromeo, 945 F.2d 750, 753 (4th Cir. 1991) (noting that "whether a particular claimant's circumstances constitute 'excusable neglect' . . . is equity-ridden" and discussing factors courts have considered when balancing the equities).  We have determined that notice to Nitsua was good, and counsel for Nitsua admitted that at least one of Nitsua's principals was aware of the seizure and the forfeiture proceedings "not long after [they] occurred."  App. to Appellee's Br., Tr. at 16.  Nonetheless, Nitsua did not attempt to assert an interest in the property until almost a year after the forfeiture proceedings were commenced.  Nitsua has neither suggested nor established that the government either encouraged the delay or misguided Nitsua in any way.  Finally, and perhaps most significantly, Nitsua's counsel indicated that although Nitsua knew about the forfeiture proceedings, it purposely waited until after the criminal proceedings were concluded before filing a claim so as not to become entangled in the criminal action.  See supra at n.13.  Under the circumstances, the district court did not abuse its discretion in refusing to grant Nitsua additional time in which to file a claim and answer.

United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d at 1318-19 (footnote omitted).

See United States v. 2687 S. Deframe Circle, Lakewood, Colo., 208 F.3d at *3-4 (stating that the

case before it "is not a case in which a balance of the equities favors mitigation and warrants a more

liberal construction of Supplemental Rule C(6)," where the claimant may have initially made a good-faith effort to comply with the rule, but the government would be severely prejudiced if he were allowed "to file a claim almost eight years after the government filed its complaint for in rem forfeiture of the defendant property," that the claimant was properly served and had actual notice of the complaint, that his answer was untimely and he never requested an enlargement of time to file his answer, and that the government did not encourage the delay or mislead him).

Other courts have set forth similar considerations in determining whether a court should exercise its discretion to allow a late claim. The United States Court of Appeals for the Eleventh Circuit has stated that, in determining whether to exercise its discretion, a district court should consider:

> the time the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time.

United States v. $125,938.62, 370 F.3d at 1329 (citation omitted). See United States v. $61,500.00 U.S. Currency, 2009 WL 3053717, at *2 (stating that a district court has some discretion to allow a late claim, but that discretion is not unbounded and that the court should consider: (i) when the claimant became aware of the seizure; (ii) "whether the government encouraged delay;" (iii) the reasons the claimant offered for his or her delay; (iv) "whether the claimant advised the court and the government of his interest in the property before the claim deadline;" (v) "whether the government would be prejudiced;" (vi) "the sufficiency of the pleadings in meeting the basic requirements of the verified claim;" and (vii) "whether the claimant timely petitioned for an enlargement of time." (internal citation omitted)); United States v. $48,000 U.S. Currency, No.

06-10952, 2007 WL 1467158, at *3 (E.D. La. May 18, 2007)(stating that a district court "may excuse a claimant's failure to strictly comply with Supplemental Rule G(5) when certain mitigating factors are present," such as: (i) the claimant timely attempted to file a timely claim or inform the United States of his or her interest; (ii) the claimant relied to his detriment on misinformation from the United States; (iii) the claimant actively pursued his interest in the defendant property and spent considerable resources preparing for trial; (iv) the claimant "was acting pro se;" (v) "the government itself failed to follow the proper procedures;" and (vi) "the excuse or extension would not prejudice the government"); United States v. $1,437.00 U.S. Currency, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002)("A court, however, has the discretion to excuse a late filing if the claimant can show 'excusable neglect' and a meritorious defense.  Mitigating factors . . . include a good faith attempt to file on time, detrimental reliance on government misinformation, and the expenditure of considerable time and resources preparing for trial." (internal citations omitted)).

## ANALYSIS

The United States argues that the Claimants lack statutory standing and that the Court should therefore strike their Answer.  The United States asserts that the Claimants have not filed a claim, as Supplemental Rule G(5)(a) requires.  The United States argues that an unverified answer signed by counsel is not sufficient.  The United States contends that the Claimants' filing of administrative claims is not a substitute for the claim that Supplemental Rule G(5) requires.  The United States further contends that the Court should not allow the Claimants to cure the defect "of not having filed a judicial claim."  Reply at 6.  The United States contends that the Claimants have not provided a good explanation for their failure to file a timely claim in this action, and that the Court should strictly construe Supplemental Rule G and strike the Claimants' Answer.

The Claimants assert that they complied with the claim requirement.  They assert that they

filed claims with the FBI to contest the seizure of $7,300.00, the 2004 Ford F150 XLT, and the 2007 Chrysler 300 Touring.  They assert that the FBI notified them that their claims were deficient, because their notarized signatures did not include statements that their claims were made under oath, subject to penalty of perjury.  They assert that the FBI gave them a period of time in which to file amended claims and that they submitted amended claims, made under penalty of perjury, to the FBI. They assert that the FBI acknowledged receipt of their claims and informed them that their claims would be referred to the United States Attorney's Office for the District of New Mexico.  They assert that they therefore filed timely and sufficient claims as to the property at issue, in compliance with Supplemental Rule G(5)(a).  The Claimants allege that any argument that the Court should strike their Answer because their claims were filed before the United States' publication of the Notice of Forfeiture ignores the legislative purpose behind Rule G(5).  The Claimants argue that they submitted timely claims to the FBI and that it was reasonable for them to believe that the FBI would forward their claims to the United States Attorney's Office.  They also argue that the claims they submitted to the FBI were timely amended to include a properly executed statement made under oath, under penalty of perjury.  The Claimants further argue that, even if the Court finds that they failed to properly submit their claims, they should be allowed an opportunity to cure the defects before the Court grants the Motion and strikes their Answer.

On March 26, 2010, the Claimants' counsel accepted service of the Complaint and Notice. See Docs. 5, 6.  The Notice states:

> All persons asserting an interest in or claim against the defendant property and who have received direct notice of the forfeiture action must file a verified claim with the Clerk of this Court pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, **thirty-five (35) days** after the notice is sent.  In addition, any person having filed such a claim shall also serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **twenty (20) days** after filing the claim.

-13-

Notice at 2 (emphasis in original).  Supplemental Rule G(5) provides that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending."  Supp. R. G(5)(a).  The claim must: (i) identify the property claimed; (ii) "identify the claimant and state the claimant's interest in the property;" (iii) "be signed by the claimant under penalty of perjury;" and (iv) be served on the government attorney designated in the Notice.  The claimant must file the claim "by the time stated in [the] direct notice" unless "the court for good cause sets a different time."  Supp. R. G(5)(ii)(A).  Having received the Complaint and Notice for Forfeiture on March 26, 2010, the Claimants' claims were due April 30, 2010 -- thirty-five days later -- and the Claimants' Answer was due May 20, 2010 -- twenty days later.  The Claimants never filed verified claims with the Clerk of the Court.  The Claimants filed their Answer on May 19, 2010.  See Doc. 18.

Supplemental Rule G(8) provides: "At any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) . . . ."  Supp. R. G(8)(c)(i).  The United States argues that the Claimants have not complied with Rule G(5), because they did not file verified claims in this Court.  Although the Claimants assert that they submitted timely and sufficient claims, in compliance with Supplemental Rule G(5)(a), because they submitted claims to the FBI, a claim filed in an administrative forfeiture is not a substitute for a claim pursuant to Supplemental Rule G(5).  Although it does not appear that the Tenth Circuit has addressed whether a claim in an administrative forfeiture is a substitute for a claim pursuant to Supplemental Rule G(5), other courts of appeals have addressed the issue.  In United States v. Thirty-Five Firearms, 123 F. App'x 204 (6th Cir. 2005), the United States Court of Appeals for the Sixth Circuit stated that a claimant's filing of a claim in the initial administrative forfeiture action was not an adequate substitute for filing a verified claim in the judicial forfeiture action.  See 123 F. App'x at 206.  The

Sixth Circuit stated;

> First, the requirement of filing a verified claim under Rule C(6) is distinct and separate from that of filing an administrative claim with the seizing agency under 18 U.S.C. § 983(a)(2). Rule C(6) does not indicate that the filing of an earlier administrative claim excuses the verified claim requirement. Second, a verified claim differs from an administrative claim in that the claimant swears under oath that he has a claim to the property. Verification forces the claimant to place himself at risk of perjury for a false claim. Therefore, the Government's insistence on a verified claim is not, as the Lueneburgs suggest, form over substance. The district court did not abuse its discretion in striking the Lueneburgs' answer for failure to file a verified claim.

123 F. App'x at 206-07. In United States v. $5,730.00 in U.S. Currency, 109 F. App'x 712 (6th Cir. 2004), the Sixth Circuit stated that an administrative claim does not satisfy the requirement of Rule C(6). See 109 F. App'x at 714.

> Prior to the government's filing of its complaint in federal court, Grier had filed a claim with the DEA. The purpose of the claim to the DEA was to stop the summary forfeiture proceedings at the administrative level authorized for seizures of less than $500,000 by 19 U.S.C. § 1607 (2002). Once Grier filed this claim, the agency was required to forward the paperwork to the district's United States Attorney for institution of a judicial condemnation proceeding if it wished to proceed with the condemnation. See 19 U.S.C. § 1608. This was done by the government and a judicial condemnation proceeding was instituted in the district court.

> On appeal, Grier argues that the claim he filed with the DEA to stop the administrative forfeiture satisfies the requirement of Rule C(6). It does not. The Rule C(6) filing "notif[ies] the court that the claimant is entitled, by virtue of his sworn claim to the property, to join the action and be heard." United States v. United States Currency in the Amount of $2,857.00, 754 F.2d 208, 213 (7th Cir. 1985) (holding that a claim filed with the DEA does not satisfy the requirements of Rule C(6)). A previous claim to an administrative agency does not put the materials required to establish statutory standing into the record before the district court. Further, the claim that Grier submitted to the DEA is no more a part of the record here. We, therefore, also do not know if the claim is a "verified statement" under Rule C(6).

109 F .App'x at 714. See United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars and Thirty Eight Cents ($31,852.31) in U.S. Currency, 183 F. App'x 237, 241 (3d Cir. 2006)(stating that the claimant never filed a verified statement of interest, as required to establish statutory

standing in a civil forfeiture proceeding, and that although he filed verified claims in "the administrative forfeiture proceedings, . . . any contention that these filings were sufficient to bestow statutory standing in the civil forfeiture proceeding is unavailing," because, as a leading treatise on forfeiture has noted: "the filing of the earlier administrative claim is not a substitute for the claim that must be filed with the court under Rule C(6)." (citing D. Smith, Prosecution and Defense of Forfeiture Cases § 9.04[1])(other citation omitted)); United States v. $39,557.00, More or Less, in U.S. Currency, 683 F. Supp. 2d 335, 339 (D.N.J. 2010)("The Third Circuit has stated that the verified statements of interest filed in the context of the administrative forfeiture proceedings 'while perhaps providing some type of notice to the Government, are not substitutes for the Rule C(6) verified statement, nor do they prevent the Government from claiming prejudice.'" (citing United States v. $31,8052.38 in U.S. Currency, 183 F. App'x 237, 240-41 (3d Cir. 2006))); United States v. Twenty Two Thousand Seven Hundred Dollars and No Cents ($22,700) in U.S. Currency, No. Civ.A. 01-702-SLR, 2002 WL 31758027, at *2 (D. Del. Nov. 26, 2006)("The claim that claimant filed with the DEA is not a substitute for the claim required under Rule C(6)." (citing United States v. $88,260.00 in U.S. Currency, 925 F. Supp. 838, 842 (D.D.C. 1996); United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir. 1986))). The parties have not directed the Court's attention to, and the Court has not found, case law which states that the filing of an administrative claim is a substitute for the claim pursuant to rule G(5). Although the administrative claims are now part of the record and the Claimants' amended administrative claims were made under penalty of perjury, Rule G(5) does not indicate that the earlier filing of an administrative claim excuses the verified claim requirement. Furthermore, an administrative forfeiture proceeding is a distinct proceeding from a judicial forfeiture proceeding. Once the Claimants filed their claims with the FBI, the FBI forwarded the paperwork to the United States Attorney for the District of New Mexico

for institution of a judicial forfeiture proceeding if it wished to institute one.  The Court therefore finds that the Claimants' administrative claims were not a substitute for a claim pursuant to Supplemental Rule G(5).  See United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars and Thirty Eight Cents ($31,852.31) in U.S. Currency, 183 F. App'x at 241.

Courts may hold claimants to strict compliance with the provisions of Rule G(5).  See United States v. $12,126.00 in U.S. Currency, 337 F. App'x at 820 ("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action."); United States v. 2687 S. Deframe Circle, Lakewood, Colo., 208 F.3d 228, at *3 ("First, courts have held that '[i]t is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6).'"   (quotations and citations omitted)); United States v. $1,437.00 in U.S. Currency, 242 F. Supp. 2d at 195 ("Generally, strict compliance with the time periods of CAFRA and Rule C(6) is required.").

Some courts, including the Tenth Circuit, have stated that, although a court may require strict compliance with Supplemental Rule G, it may exercise discretion in extending the time for filing of a verified claim.  See United States v. $125,938.62, 370 F.3d at 1328-29 ("A district court may require claimants in forfeiture proceedings to comply strictly with the rule's requirements in presenting claims to the court.  However, the court may exercise its discretion by extending the time for the filing of a verified claim." (internal citation and quotation marks omitted)); United States v. 2687 S. Deframe Circle, Lakewood, Colo., 208 F.3d 228, at *3 (recognizing that courts have held that it is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6), but that the equities might favor mitigation and a more liberal construction in some circumstances).  The Tenth Circuit, in United States v. 51 Pieces of Real Property Roswell, N.M., addressed whether the district court abused its discretion in refusing to grant the claimant

-17-

additional time in which to file a claim and answer.  See 17 F.3d at 1319.

Supplemental Rule C(6) provides that a claimant must "file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim."  Although the district court has discretion to extend the time in which a claimant must file a claim, "the court's discretion is not unbounded."  United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1436 (9th Cir.1985).  The court should exercise its discretion to allow a late claim only if "the goals underlying the time restriction and the verification requirement are not thwarted."  Id.

The purpose of the time restriction in Supplemental Rule C(6) is "to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay."  1982 Yukon Delta Houseboat, 774 F.2d at 1436.  The purpose of the verification requirement is to prevent false claims.  See id.; United States v. Currency $267,961.07, 916 F.2d 1104, 1108 (6th Cir. 1990).  The government commenced this civil forfeiture action in July 1991.  Nitsua did not attempt to file a claim or otherwise assert any claim of ownership to the property until almost a year later, after the government had moved for default.  Permitting a late filing under these circumstances would not further the goal of Supplemental Rule C(6)'s time requirements.

Moreover, the equities do not favor granting Nitsua additional time.  See United States v. Borromeo, 945 F.2d 750, 753 (4th Cir. 1991) (noting that "whether a particular claimant's circumstances constitute 'excusable neglect' . . . is equity-ridden" and discussing factors courts have considered when balancing the equities).  We have determined that notice to Nitsua was good, and counsel for Nitsua admitted that at least one of Nitsua's principals was aware of the seizure and the forfeiture proceedings "not long after [they] occurred."  App. to Appellee's Br., Tr. at 16.  Nonetheless, Nitsua did not attempt to assert an interest in the property until almost a year after the forfeiture proceedings were commenced.  Nitsua has neither suggested nor established that the government either encouraged the delay or misguided Nitsua in any way.  Finally, and perhaps most significantly, Nitsua's counsel indicated that although Nitsua knew about the forfeiture proceedings, it purposely waited until after the criminal proceedings were concluded before filing a claim so as not to become entangled in the criminal action.  See supra at n.13.  Under the circumstances, the district court did not abuse its discretion in refusing to grant Nitsua additional time in which to file a claim and answer.

17 F.3d at 1318-19 (footnote omitted).

The Court will exercise its discretion to allow the Claimants ten days to cure the deficiencies in their pleadings.  Unlike in United States v. 51 Pieces of Real Property Roswell, N.M., where

-18-

permitting a late filing would not further the goal of Supplemental Rule C(6)'s requirements, because the claimant did not come forward as soon as possible after the forfeiture proceedings were initiated, in this case, allowing the Claimants ten days to cure any deficiencies will not thwart the goals underlying the rule.  Unlike in United States v. 51 Pieces of Real Property Roswell, N.M., where the claimant did not assert an interest in the property until approximately a year after the forfeiture proceedings were commenced, in this case, the Claimants' Answer would have been timely filed, had they filed a claim.  They have not waited to assert an interest in the property until the forfeiture proceedings were completed or near a close.  Although their belief that their filing of administrative claims was sufficient was incorrect, they took steps to assert their interest in the property.  Furthermore, allowing the Claimants ten days to cure deficiencies will not thwart the purpose of preventing false claims.[2]  Instead, this extension will allow a limited period of time to ensure that the Claimants attest to their interest under penalty of perjury.

The equities weigh in favor of granting the Claimants a limited period of time to cure the defects in their pleadings.  Although the notice to the Claimants was good, the Claimants have not alleged that the United States encouraged the delay or misguided the Claimants, and the Claimants were represented by counsel, the Claimants apparently believed, albeit incorrectly, that their administrative claims were sufficient for a Supplemental Rule G(5) claim.  The United States was aware of the Claimants' interests, as it served direct notice on the Claimants.  The Claimants' Answer would have been timely filed had they filed a claim in this Court.  The Court does not

---

[2] Although the United States briefly mentioned that the Claimants' administrative claims were faulty, alluding to their interests in the defendant property, the parties did not present evidence or argument regarding whether the claimants have interest in the property, and the record does not suggest that these claimants are the wrong claimants or that they do not have an interest in the property.

believe that the United States will be severely prejudiced if the Claimants are allowed ten days to cure the deficiencies.  Under these circumstances, the Court believes that the equities do not warrant that it require strict compliance with Supplemental Rule G at this stage of the proceeding.  See United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d at 1318 (considering whether the notice to the claimants was good, whether the claimant timely attempted to assert an interest, whether the government encouraged the delay or misguided the claimant, and whether the claimant purposefully waited before filing a claim in the property in determining whether the equities weighed in favor of granting the claimant additional time); United States v. 2687 S. Deframe Circle, Lakewood, Colo., 208 F.3d at *3-4 (stating that the case before it "is not a case in which a balance of the equities favors mitigation and warrants a more liberal construction of Supplemental Rule C(6)" where the claimant may have initially made a good faith effort to comply with the rule, but where the government would be severely prejudiced if he were allowed "to file a claim almost eight years after the government filed its complaint for in rem forfeiture of the defendant property," where the claimant was properly served and had actual notice of the complaint, where his answer was untimely and he never requested an enlargement of time to file his answer, and where the government did not encourage the delay or mislead him); United States v. $125,938.62, 370 F.3d at 1329 (stating that, in determining whether to exercise its discretion to allow a late claim, a court should consider when the claimant became aware of the seizure, whether the United States encouraged the delay, the reasons proffered for the delay, whether the claimant advised the court and United States of his interest in the defendant property before the claim deadline, the sufficiency of the answer in meeting the basic requirements of a verified claim, whether the claimant timely petitioned for an enlargement of time, and whether the United States would be prejudiced by allowing a late filing).

Moreover, the Advisory Committee Notes to Rule G(8) state: "As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15." Supp. R. G(8), Advisory Committee Notes. This committee note suggests a policy underlying Supplemental Rule G(8) in not striking a meritorious claim if the claimant's claim or answer may be cured of its defects. Although it is not clear that the Claimants can cure their failure to file a claim by amending their Answer to include their signature under penalty of perjury, the Court believes that its allowance of ten days to the Claimants to attempt to cure the defects in their pleadings is in accordance with the Advisory Committee Notes' intent.

If the Claimants do not cure the deficiencies in their pleadings within ten days of the entry of this Memorandum Opinion and Order, the Court will strike the Claimants' Answer. See United States v. 2687 S. Deframe Circle, Lakewood, Colo., 208 F.3d at *3-4 (stating that it is not an abuse of discretion for the court to require strict compliance with Supplemental Rule C(6), and finding that the equities did not warrant a more liberal construction of the rule and supported the district court's decision to strike the claimant's answer "for failing to comply with Rule C96"); United States v. $5,565.000 in United States Currency, 2010 WL 4256211, at *2 ("Here, there is no dispute that the . . . potential claimant . . . has failed to file the requisite claim pursuant to Supplemental Rule G(5). Consequently, he lacks statutory standing to proceed in this case. Therefore, this Court recommends that the District Court strike the Answer filed by [the claimant] . . . ."); United States v. $11,918.00, 2007 WL 3037307, at *7 (finding that the claimant was given repeated opportunities to file a claim but did not do so, that there were no mitigating factors, that a claimant "in a civil forfeiture case must establish both Article III standing and statutory standing," and that a claimant "who does not file a verified claim pursuant to the Supplemental Rules lacks standing in the forfeiture action," and stating that the answer is thus "immaterial and impertinent, and should be stricken"). Thus, the

Claimants are cautioned to study the rule carefully and comply meticulously with each and all of its requirements. Claimants' counsel are also cautioned to investigate fully and thoroughly the facts underlying the pleading and sign the pleading under rule 11 of the Federal Rules of Civil Procedure only if they are completely satisfied the Claimants have statutory and Constitutional standing to file amended pleadings and to proceed with their case.

**IT IS ORDERED** that the Plaintiff's Motion to Strike Answer for Lack of Standing, filed December 14, 2010 (Doc. 30) is granted on the condition that, if Claimants Nora Alonso and Hugo Acosta Dominguez do not cure all of the deficiencies in their pleadings within ten days of this order, the Court will strike the Claimants' Answer.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
   United States Attorney
Stephen R. Kotz
Cynthia L. Weisman
   Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Dennis W. Montoya
Jill M. Collins
Montoya Law, Inc.
Rio Rancho, New Mexico

      *Attorneys for the Claimants*